**Roger Doyle HOESTENBACH, Appellant,**

v.

**Wanda Faye HOESTENBACH, Appellee.**

**No. 5690.**

Court of Civil Appeals of Texas.

El Paso.

Jan. 20, 1965.

Rehearing Denied March 24, 1965.

Lee Arnett, Odessa, for appellant.

H. S. Harris, Jr., Midland, for appellee.

FRASER, Chief Justice.

This is an appeal from a judgment of the District Court of Midland County, Texas which changes the terms of a previous judgment rendered by the same court. The original action was one for divorce, dispo-sition of community property and custody of two minor children. The court rendered its first judgment on October 31, 1962 granting custody of the children to the mother with certain visitation privileges to the plaintiff-husband, who is appellant here. The court also, in that original judgment, awarded the defendant certain property, including the home and the furniture therein, and a 1953 Ford car, defendant being required to pay certain of her debts to several stores. The plaintiff was ordered to pay the sum of $125.00 per month for the support of the two children and further ordered to pay $75.00 on defendant's attorney's fees. The plaintiff was awarded full title to what has been described as the "Shell Provident Fund" which, while not adequately described within the record, appears to be some sort of pension fund earned by plaintiff.

On November 9, 1962 the defendant filed a motion for new trial alleging that she had good reason to believe that the Shell Provident Fund amounted to more than the $5000 value given it by the plaintiff in his pleadings and testimony. The court granted this motion, and a new trial was had and another judgment, substantially the same as the first, was entered on December 7, 1962. Both of these judgments, in addition to the above matters recited that the parties had reached a full and satisfactory settlement of community property which the court had found to be equitable and proper. No motion for new trial or notice of appeal was filed with respect to this second judgment. On April 10, 1963 plaintiff filed a pleading which he calls an Application to Enlarge and Supplement the December judgment. In this pleading, whatever it is, he complains of the defendant's failure to pay certain bills and failure of visitation privileges, and asks the modification of the visitation privileges of the two judgments. Defendant filed her answer to this Application, in which she states that she joins plaintiff in this Application and alleges that plaintiff had knowingly misrepresented the value of the Shell Provident Fund to both

defendant and the court, for the purpose of defrauding defendant and that she, the defendant, had relied upon such representation, and was filing, along with her joinder in the plaintiff's application, her prayer for an Equitable Bill of Review, in which she set forth the same allegations of fraud, and asked for a re-division of the property. On August 2, 1963, the trial court again heard this matter on the pleadings above described, and awarded the defendant an additional sum of $3,259.00 as a share of the Shell Provident Fund, this to be in addition to the property previously awarded and allocated to her.

Appellant appeals from this third judgment, or order, on the grounds that the implied findings of fact were not supported by any evidence to the effect that the original division of community property was inequitable, or that appellee was prevented from proving the correct value of the Shell Provident Fund by any act or accident caused by plaintiff; that there was no evidence to support any implied finding that appellee's failure to prove the correct value of the Shell Provident Fund was not due to some negligence or fault on her part; and lastly, that the court did not have jurisdiction to enter certain orders contained in paragraphs 2, 3 and 4 of the August 2, 1963 judgment. These orders dealt with the $3,259.00 award above described.

We would first like to point out that there were no findings of fact or conclusions of law requested or filed. On the third hearing the record shows that the plaintiff testified in his behalf, and the defendant's first attorney testified in her behalf, the only other evidence contained in the statement of facts being documentary. Further, although the court ordered plaintiff to file a sworn inventory and appraisement of the community property, such was never done. The statement of facts also contains a notation that plaintiff's Exhibit 1, which apparently was some manner of computation, was not turned over to the reporter, and that he has never been able to locate it. We are further handicapped by the fact that there are several notations by the court reporter that some conversation or comments by the court were inaudible to the court reporter. Appellee did not file any brief on this appeal.

We have come to the conclusion that the judgment of the trial court should be affirmed. Although appellant challenges the court's right to jurisdiction to try the matter, in his brief he points out that both parties joined in the application, and no exception was taken to the defendant's pleading, and then states as follows: "We will assume for this point that the court had jurisdiction to hear the Equitable Bill of Review." Appellant further states that we must presume that the trial court found the necessary facts sufficient to support the judgment, but challenges the court's action on the ground that there was no evidence to support the necessary implied findings of fact. The subject of an Equitable Bill of Review has been discussed many times, and it is apparent from the various decisions that the courts, influenced no doubt by a desire to do equity, have been lenient and liberal in their treatment of this matter. 4 MacDonald Texas Civil Practice, § 17.08, page 1330. See also § 18.29, page 1503, and § 18.27, page 1497. In these various references it is pointed out that an inquiry such as this may be unexpectedly broadened by an allegation of fraud, and that in some situations relief is given, though the complainant does not bring himself strictly within the foregoing rules (ordinarily applicable to an Equitable Bill of Review), as to fraud, accident or mistake. Also, that by implication the petition incorporates the records of the court. In the matter before us, the plaintiff-appellant admits that he was mistaken in his original representation to the court that the Shell Provident Fund was worth $5000.00 only, and states that it was worth probably $2000 more than that. We find in the statement of facts certain exhibits which appear to be comparative inventories. These exhibits appear to have come to the court's attention only in the last hearing, and the value of the various bits

of furniture and other articles awarded to defendant show a shocking discrepancy between the value placed thereon by plaintiff and the value as found by an appraiser. As we have said above, there are no findings of fact or conclusions of law, but we feel that this prayer by the defendant for equitable relief was adequate and that there was sufficient evidence to justify the court in making the findings contained in the last judgment. As stated above, the appellant agrees that the trial court probably had jurisdiction, and we think this is a correct assumption based on the fact that both parties joined in the application, and that no exception was taken to defendant's prayer for equitable relief by way of a Bill of Review. The statement of facts does contain plaintiff's own admission that he was wrong about the value of the Shell Provident Fund. We must assume that the court relied on his original statement and pleadings in making the division of property that he did make in the first two judgments.

Appellant maintains that appellee failed to show the necessary fraud or accident on the part of appellant entitling her to the re-division of property. In his brief appellant takes the position that the court did, and did not, have jurisdiction. In his discussion of the first three points, he states in his brief that he assumes, for the purpose of the point, that the court had jurisdiction; but in his discussion of Point 4 he maintains that the court did not have jurisdiction.

■ Because an Equitable Bill of Review does permit considerable latitude on the part of the trial court, and in fact clothes the court with considerable discretion, and further because the prayer for the Bill of Review was not excepted to, we believe the court had jurisdiction to hear the matter. Also, in the absence of Findings of Fact and Conclusions of Law, we must presume that the court made the necessary fact findings. On the basis of the record as outlined above, it is clear that the plaintiff intentionally or accidentally misrepresented the value of the Shell Provident Fund.

Appellant relies on a statement in appellee's motion for new trial, to the effect that she believes his description of the fund was inadequate, as being sufficient to defeat her attempt at an equitable re-division. This, the appellant alleges, indicates that she knew before the second judgment was handed down, or should have known, that the amount alleged by plaintiff was incorrect, and he alleges that she was derelict in not calling for a new trial or appeal from this second judgment. We have no evidence on this matter one way or the other, except appellee's own pleading. It is therefore clear that there was a substantial mistake made as to the value of the Shell Provident Fund, and it is our belief and holding that appellee substantially complied with the elements necessary to an Equitable Bill of Review, and that the record is sufficient from an evidentiary point of view to uphold the court's necessary implied findings of fact.

Appellant's four points are accordingly overruled, and the decision of the trial court is in all things affirmed.